Here, as in Johnson , a genuine dispute of material fact exists as to whether a reasonable officer in defendant Powell's position could have believed that the plaintiff's "position was threatening or suggested escape." Id. As in Johnson , the facts viewed in the light most favorable to the plaintiff suggest that the plaintiff clearly had manifested his intent to surrender, such that a reasonable officer could not have perceived otherwise. To be sure, Johnson 's facts are not identical to those of the case at hand; the Johnson plaintiff arguably more clearly manifested his intent to surrender by "f[a]ll[ing]" onto the ground, "landing face-down on the floor," and remaining "prone on the floor with his arms and legs spread." Id. at 972.
*41 Identical facts are not required, however, to "have placed the ... constitutional question beyond debate." Kisela , 138 S.Ct. at 1152 (internal quotation marks omitted); see also Johnson , 528 F.3d at 976 ("We need not identify cases with 'materially similar' facts, but have only to show that 'the state of the law at the time of the incident gave the officer fair warning that his alleged misconduct was unconstitutional.' " (alterations and internal quotation marks omitted) ). A jury crediting White's testimony reasonably could conclude that the plaintiff, in raising his hands in the air above his head, had manifested his intent to surrender in a sufficiently obvious manner that no officer in defendant Powell's position reasonably could have perceived otherwise.
Garner , which held that "[a] police officer may not seize an unarmed, nondangerous suspect by shooting him dead," 471 U.S. at 11, 105 S.Ct. 1694, also put defendant Powell on notice of his conduct's unlawfulness. That the plaintiff survived his encounter with defendant Powell is immaterial given that the force defendant Powell used was deadly. The Supreme Court has admonished that "the general rules set forth in Garner ... do not by themselves create clearly established law outside an 'obvious case.' " Kisela , 138 S.Ct. at 1153 (quoting White , 137 S.Ct. at 552 (internal quotation marks omitted) ). This is such an obvious case. Taking White's testimony at face value, as the jury is entitled to do, defendant Powell shot a clearly unarmed and surrendering man who had raised his hands in the air above his head. Under these circumstances, Garner 's "general statements of the law" can "giv[e] fair and clear warning to officers." Id. (quoting White , 137 S.Ct. at 552 ).
Thus, the constitutional right defendant Powell is alleged to have violated was clearly established at the time of the shooting. For these reasons, defendant Powell is not entitled to summary judgment on the plaintiff's Fourth Amendment Excessive Force claim in Count I.
B. Genuine Issues of Material Fact Exist as to the Plaintiff's Assault and Battery and IIED Claims
The defendants argue that summary judgment is warranted as to the plaintiff's assault and battery and IIED claims in Counts III and VI, respectively. Defs.' Mem. Supp. MSJ ("Defs.' Mem.") at 14-16, ECF No. 36. As explained below, however, the defendants are not entitled to summary judgment on these claims, for reasons similar to those making summary judgment on the plaintiff's Fourth Amendment Excessive Force claim inappropriate.
1. Legal Framework
Under District of Columbia law, "[a]n assault is an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim." Evans-Reid v. District of Columbia , 930 A.2d 930, 937 (D.C. 2007) (internal quotation marks omitted). "A battery is an intentional act that causes a harmful or offensive bodily contact." Id. (internal quotation marks omitted). "A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary." Id. (citation omitted). "Moreover, any person, including an officer, is justified in using reasonable force to repel an actual assault, or if he reasonably believes he is in danger of bodily harm." Id. (citation omitted). "Use of deadly force, however, is lawful only if the user actually and reasonably believes, at the time such force is used, that he or she (or a third person) is in imminent peril of death or serious bodily harm." Id. (emphasis and internal quotation marks omitted). The standard of reasonableness in the assault and battery context is similar to that *42 in the Fourth Amendment Excessive Force context. See Etheredge v. District of Columbia , 635 A.2d 908, 916 (D.C. 1993) (quoting Graham , 490 U.S. at 396-97, 109 S.Ct. 1865 ); accord Armbruster v. Frost , 962 F.Supp.2d 105, 117 (D.D.C. 2013) ("[The] standard for analyzing an assault and battery claim against an officer is similar to the excessive force standard applied in the Section 1983 context." (internal quotation marks omitted) ).
"To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress." Larijani v. Georgetown Univ. , 791 A.2d 41, 44 (D.C. 2002). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (internal quotation marks omitted). Under District of Columbia law, "there can be no recovery for negligently inflicted mental suffering that is not traceable to a direct physical injury," Williams v. Baker , 572 A.2d 1062, 1064 (D.C. 1990), unless "the defendant has an obligation to care for the plaintiff's emotional well-being or the plaintiff's emotional well-being is necessarily implicated by the nature of the defendant's undertaking to or relationship with the plaintiff, and serious emotional distress is especially likely to be caused by the defendant's negligence." Hedgepeth v. Whitman Walker Clinic , 22 A.3d 789, 792 (D.C. 2011).
2. Analysis
The defendants argue that defendant Powell is entitled to judgment on the plaintiff's assault and battery claim "because Officer Powell actually and reasonably believed that Plaintiff was pulling out a gun at the time he shot Plaintiff." Defs.' Mem. at 14. Given that a jury, viewing the facts in the light most favorable to the plaintiff, reasonably could find that a reasonable officer in defendant Powell's position could not have believed the plaintiff was pulling out a gun at the time defendant Powell shot the plaintiff, defendant Powell is not entitled to summary judgment on the plaintiff's assault and battery claim. The defendants' argument that defendant Powell "is entitled to the qualified privilege with respect to the assault and battery claim because he had a good faith belief that his life was in danger and his belief was reasonable," Defs.' Reply at 16, fails for the same reason.
Likewise, the defendants argue that they are entitled to summary judgment on the plaintiff's IIED claim because defendant Powell's "use of force [wa]s reasonably necessary in order to respond to an imminent threat to a police officer's safety." Defs.' Mem. at 15. As explained above, however, a jury reasonably could find that the plaintiff posed no imminent threat to anyone, and that an officer in defendant Powell's position could not reasonably have perceived otherwise. The defendants further argue, "[w]ith respect to Plaintiff's IIED claim, [that] no reasonable jury could find that Officer Powell's act of self-defense was atrocious and utterly intolerable." Defs.' Reply at 15 (internal quotation marks omitted). Crediting White's testimony as true, however, a jury reasonably could find that defendant Powell's shooting of an unarmed man who clearly had raised his hands in the air above his head was indeed atrocious and utterly intolerable.
Finally, because genuine disputes of material fact exist as to the plaintiff's assault and battery and IIED claims, the defendants' argument that "the District [of Columbia] cannot be liable for these claims under respondeat superior " on the ground *43 that the plaintiff's "claims fail as a matter of law," Defs.' Reply at 16, fails.
C. The Plaintiff Has Stated an NIED Claim
Finally, the defendants contend that the plaintiff fails to state a NIED claim in Count VII because "[t]o the extent Plaintiff intended to plead NIED based on Officer Powell's decision to shoot Plaintiff, it is axiomatic that an intentional use of force cannot serve as the basis for a separate negligence claim." Defs.' Mem. at 16-17. The plaintiff, however, bases his NIED claim not on the defendant Powell's decision to shoot the plaintiff, but on the District of Columbia's failure to properly train and supervise defendant Powell and other officers and personnel who handcuffed the plaintiff after the shooting, and later restrained the plaintiff "in shackles and a belly chain while in the hospital." See Compl. ¶¶ 59-64. The defendants entirely fail to address these arguments. Dismissal of the plaintiff's NIED claim thus is unwarranted.[4]
IV. CONCLUSION
For the foregoing reasons, the defendants' motion for summary judgment is denied. The parties are directed to submit jointly, within fourteen days, (1) three proposed dates in October and/or November 2018, for a pre-trial conference and for trial, (2) the number of witnesses each party intends to call at trial, and (3) the estimated length of the trial.
An appropriate order accompanies this Memorandum Opinion.
SO ORDERED.

For this reason, dismissal of the plaintiff's NIED claim against the District of Columbia under a respondeat superior theory, see Defs.' Reply at 16, likewise is improper.